# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JOSEPH LEE JONES,**

        **Plaintiff,**

    v.                                    CASE NO. 20-3068-SAC

**(FNU) REILING, et al.,**

        **Defendants.**

## ORDER OF DISMISSAL

    This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, a pretrial detainee at the Douglas County Jail, is subject to the provisions of 28 U.S.C. § 1915(g). The Court screened the complaint, denied leave to proceed in forma pauperis, and directed him to submit the $400.00 filing fee on or before April 9, 2020. Plaintiff filed a response but has failed to submit the filing fee.

    The initial complaint in this matter involves the denial of legal postage for an out-of-state mailing. Plaintiff claims that after he protested, defendant Reiling stated he would ask another detainee to take plaintiff into his cell or outside. Plaintiff believes this was a threat of harm and, although he has not been injured, he asserts that he is subject to "future imminent danger." The Court found this claim was insufficient to allow him to avoid the bar imposed by § 1915(g).

    Plaintiff's response to the order directing payment likewise does not persuade the Court that he is in imminent danger. Rather, the conduct he describes is akin to the sort of taunting language that does not support a constitutional claim. *See Alvarez v. Gonzalez*, 155 F. App'x 393, 396 (10th Cir. 2005)("Mere verbal threats or harassment

do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.' ")(quoting *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992)); *McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001)("acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)("Verbal harassment or abuse of the sort alleged in this case [sheriff laughed at prisoner and threated to hang him] is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.") Despite plaintiff's assertion, the incident that occurred in early January has not developed into any injury or physical contact, and the Court finds plaintiff has not plausibly asserted a claim of imminent danger of serious injury.

Having considered the record, the Court will dismiss this matter due to plaintiff's failure to submit the filing fee.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 3) and motion for temporary injunctive relief (Doc. 4) are denied as moot.

**IT IS SO ORDERED.**

DATED:  This 10th day of April, 2020, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge